IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30972
Summary Calendar

_____

BOBBY ODUS,

Plaintiff-Appellant,

versus

IMMIGRATION AND NATURALIZATION
SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 99-CV-913

_____

July 27, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Bobby Odus appeals from the district court's dismissal of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, for lack of subject matter jurisdiction. He has also filed a habeas corpus petition, pursuant to § 2241, and a motion to appoint counsel in this court.

The "permanent rules" of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") eliminated § 2241

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

habeas jurisdiction for those cases falling within 8 U.S.C. § 1252(a)(2)(C).  Max-George v. Reno, 205 F.3d 194, 198 (5th Cir. 2000).  Odus's case is governed by the "permanent rules" because his deportation proceedings commenced after April 1, 1997.  See Max-George, 205 F.3d at 197 n.3.  His case also falls within § 1252(a)(2)(C) because he was convicted of a felony involving fraud or deceit in which the loss to the victims exceeded $10,000.  See 8 U.S.C. §§ 1101(a)(43)(M), 1227(a)(2)(A)(iii).  Accordingly, the district court's dismissal of Odus's § 2241 petition for lack of subject matter jurisdiction is AFFIRMED, Odus's § 2241 habeas corpus petition is DISMISSED, and his motion to appoint counsel is DENIED.